# EXHIBIT B

**Daniel I. Winter, Esq. (001922007)**
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue, 12th floor**
**Hackensack, New Jersey 07601**
**(201) 488-1300**
**Attorneys for Defendant**
**THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a**
**STOP & SHOP OF MONROE NEW JERSEY**
**Our File No.: 23001-131**

| | |
|---|---|
| **MARIA SITARAS,**<br><br>                    **Plaintiff,**<br><br>vs.<br><br>**STOP & SHOP OF MONROE NEW JERSEY** and/or "ABC CORPS. 1-8" (these names being fictitious as true identities unknown) and "JOHN DOES 1-8" (these names being fictitious as true identities are unknown),<br><br>                    **Defendants.** | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-4341-21<br><br>CIVIL ACTION<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND** |

Defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a STOP & SHOP OF MONROE NEW JERSEY** by way of Answer to Plaintiff's Complaint, says:

### FIRST COUNT

1.     Denies having knowledge and information as to each and every allegation contained in paragraph designated "1" of the FIRST COUNT section of the Complaint.

2.     Denies upon information and belief as to each and every allegation contained in paragraph designated "2" of the FIRST COUNT section of the Complaint EXCEPT ADMITS The Stop & Shop Supermarket Company LLC leases and operates a Supermarket at 1600 Perrireville Road, Monroe, New Jersey.

3. Denies upon information and belief as to each and every allegation contained in paragraph designated "3" of the FIRST COUNT of the Complaint and refers all questions of law to the Honorable Court.

4. Denies upon information and belief as to each and every allegation contained in paragraph designated "4" of the FIRST COUNT of the Complaint and refers all questions of law to the Honorable Court.

**THEREFORE**, the Defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a STOP & SHOP OF MONROE NEW JERSEY** demands judgment dismissing the Complaint and awarding attorney's fees and costs of suit and any further relief the Court deems equitable and just.

## SECOND COUNT

1. Defendant repeats, reiterates and realleges each and every response in answers to paragraphs 1 through 4 of the FIRST COUNT of the Complaint, as if more specifically set forth at length herein.

2. Denies having knowledge and information as to each and every allegation contained in paragraph designated "2" of the FIRST COUNT of the Complaint.

3. Denies upon information and belief as to each and every allegation contained in paragraph designated "3" of the FIRST COUNT of the Complaint as to the answering Defendant and denies having knowledge and information as to all other Defendants and refers all questions of law to the Honorable Court.

4. Denies upon information and belief as to each and every allegation contained in paragraph designated "4" of the FIRST COUNT of the Complaint as to the answering Defendant

and denies having knowledge and information as to all other Defendants and refers all questions of law to the Honorable Court.

### FIRST AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages, the same were caused by the Plaintiff's sole negligence.

### SECOND AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages, the same were caused by the Plaintiff's contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages, the same were caused by third parties over which the answering Defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant's conduct was not negligent.

### FIFTH AFFIRMATIVE DEFENSE

The answering Defendant's conduct was not the proximate cause of the Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

At the time and place aforesaid, Plaintiff was negligent, barring or limiting recovery in whole or in part and the answering Defendant pleads the Comparative Negligence Statute as to all parties.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of the answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred by the Statute of Limitations.

## NINTH AFFIRMATIVE DEFENSE

This case should be dismissed on the grounds that there is no personal jurisdiction over the answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable probability, be replaced or indemnified in whole or in part from collateral sources. Any award made to Plaintiff shall be reduced in accordance with the provisions of N.J.S.A. 2A:15-97.

## TWELFTH AFFIRMATIVE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiff was proximately caused or contributed to by the fault of third parties which are not parties to this suit. The responsibility of the answering Defendant and the right of Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties, whether or not settled, to this litigation have been determined. Accordingly, the answering Defendant seeks an adjudication of the percentage of fault of the Plaintiff, and each and every

person whose fault contributed to this incident pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

## NOTICE TO PRODUCE DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 4:18-1, request is hereby made of the Plaintiff, by the Defendant, that you produce true, complete and accurate copies of the following documents to this office, within thirty (30) days of the date hereof:

1. Copies of any prior discovery, including pleadings; motions; Orders; answers to interrogatories; deposition transcripts; demand for documents; request for admissions; and responses thereto exchanged between parties in this action, with attachments and/or amendments.

## REQUEST FOR STATEMENT OF DAMAGES

TO:   **ATTORNEY FOR PLAINTIFF**

PLEASE TAKE NOTICE that in accordance with Rule 4:5-2, the undersigned requests that within five (5) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in the above-entitled action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, be advised that **DANIEL I. WINTER, ESQ.**, has been assigned as trial counsel on behalf of **THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a STOP & SHOP OF MONROE NEW JERSEY** in the above-captioned matter.

## CERTIFICATION PURSUANT TO R.1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

## JURY DEMAND

Defendant, **THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a STOP & SHOP OF MONROE NEW JERSEY** hereby demands a trial by jury on all issues.

CULLEN AND DYKMAN, LLP

By: */s/ Daniel I. Winter*
DANIEL I. WINTER, ESQ.

Dated:  February 14, 2022

**CERTIFICATION OF COUNSEL**

1. Pursuant to <u>Rule</u> 4:5-1, the undersigned hereby certifies that at the time of filing of this pleading, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

2. I certify that the within pleading was filed within the time prescribed by the New Jersey Court Rules and that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                    CULLEN AND DYKMAN, LLP

By: */s/ Daniel I. Winter*
      DANIEL I. WINTER, ESQ.

Dated: February 14, 2022

## CERTIFICATE OF MAILING

I, DANIEL I. WINTER, ESQ., certify that on the 14th day of February 2022, I forwarded a copy of the within **ANSWER ON BEHALF OF THE STOP & SHOP SUPERMARKET COMPANY LLC i/s/h/a STOP & SHOP OF MONROE NEW JERSEY, SEPERATE DEFENSES, REQUEST FOR DOCUMENTS, REQUEST FOR WRITTEN STATEMENT OF DAMAGES CLAIMED, DESIGNATION OF TRIAL COUNSEL** and **JURY DEMAND** to the following attorneys for the respective parties hereto, via E-Filing:

James M. Curran, Esq.
LAW OFFICE OF JAMES M. CURRAN, P.C.
86 Washington Avenue
Milltown, New Jersey 08850
*Attorney for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

/s/ Daniel I. Winter
_____
DANIEL I. WINTER, ESQ.

Dated: February 14, 2022

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-004341-21

**Case Caption:** SITARAS MARIA VS STOP & SHOP OF MONRO E NEW JER
**Case Initiation Date:** 07/22/2021
**Attorney Name:** DANIEL I WINTER
**Firm Name:** CULLEN & DYKMAN LLP
**Address:** 433 HACKENSACK AVENUE 12TH FLOOR HACKENSACK NJ 07601
**Phone:** 2014881300
**Name of Party:** DEFENDANT : STOP & SHOP OF MONROE NEW JERS
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Answer
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MARIA SITARAS?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/14/2022                                                                                          /s/ DANIEL I WINTER
Dated                                                                                                          Signed